

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXX~~
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable James M. Simpson, Sr.
Concho County
Eden, Texas

Dear Sir:

Opinion No. O-4608
Re: Delinquent taxes of
Common School Districts.

We have received your letter of recent date which we quote in part as follows:

"1st, Will this the Live Oak, CSD, No. 7, Concho County, Texas, have to have authority from the Commissioners of Concho, County, in order to bring suit for collection.

"2nd, Can one pay their school taxes in a common school district without paying the County and State taxes on the same property?

"In 1933, an opinion of the Attorney General gave the following ruling. 'The Commissioners of a county has the implied authority to include common school district taxes in contracts for enforced collection of State and County delinquent taxes on the same basis and subject to the same limitations as collection of State and County taxes.'

"3rd. Can a common school district bring suit in the name of the school district when State and County taxes are delinquent on the same property."

We have already sent you copies of Opinions No. O-381 and No. O-4296 which answer your second question. Therefore, we shall not dwell upon it further.

No power or authority is given to the boards of trustees of common school districts to levy, assess, or collect taxes owed the district. On the other hand, such authority is expressly given to the commissioners' court and the county tax assessors-collectors of the county in which such districts are located. See Articles 2784 and 2795, Vernon's Annotated Civil Statutes.

Article 2784 provides among other things the following:

"The commissioners court for the common school districts in its county, and the district school trustees for the independent school districts incorporated for school purposes only, shall have power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized, subject to the following provisions:

". . . . ."

Honorable James M. Simpson, Sr., page 2


You are therefore respectfully advised in answer to your first and third questions that a common school district is without authority to institute suit for the collection of delinquent taxes owed the district.

You state that the common school district in question is a county line district; therefore, the duties of levy, assessment, and collection should be performed by the commissioners' court and county tax assessor-collector of each of the respective counties in which the district lies. See Article 2744, Vernon's Annotated Civil Statutes.

This conclusion is strengthened by the long established custom and practice of the Comptroller of Public Accounts and the Attorney General in the approval of delinquent tax contracts. The standard form of contract furnished to local officers by the Comptroller's Department includes common school district taxes with state and county taxes. It is, therefore, the opinion of this department that suits for the collection of common school district taxes should be instituted by the county attorney or by the attorney employed by the commissioners' court under the authority of Articles 7335 and 7335a, Vernon's Annotated Civil Statutes.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By  /s/ George W. Sparks
George W. Sparks
Assistant

GWS:MRR:LM


APPROVED JUN 6, 1942

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE

BY /s/ BWB
CHAIRMAN


O.K.